**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CHARLES JONES, | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:05-CV-163(WLS) |
| vs. | : | |
| | : | |
| FREDRICK HEAD, DOWNNIE JENKINS, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| and ANDY ONEAL, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

**RECOMMENDATION**

*Pro se* prisoner plaintiff **CHARLES JONES,** presently confined at Autry State Prison in Pelham, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983 (2000).

*I. STANDARD OF REVIEW*

   *A.  28. U.S.C. § 1915(e)(2)*

   Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2) (2000).  Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 1915A, 1915(e)(2) (2000).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327;  *See also* ***Clark v. Georgia Pardons & Paroles Bd.***, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### *B.  General Requirements of 42 U.S.C. § 1983*

In any action under § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## *II.  PLAINTIFF'S ALLEGATIONS*

Plaintiff states in the complaint that he was slammed against a wall by defendant Jenkins. Plaintiff asserts that he sustained injuries including a broken hand and bruised chest.  Plaintiff names Warden Fredrick Head, nurse Andy O'Neal and CO II Officer Downnie Jenkins as defendants.

## *III.  DISCUSSION*

### *A.  Fredrick Head*

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986).

In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that Fredrick Head was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant Fredrick Head be **DISMISSED** and that said party be terminated as a party herein.

### B.  Andy O'Neal

Upon initial consideration of plaintiff's complaint, it clearly appears that although Andy O'Neal has been named as a defendant, no allegations have been set forth against him under § 1983 or otherwise.  In fact, plaintiff does nothing more than name defendant O'Neal in the caption of the complaint.  Therefore, no action can be maintained against this defendant, and **DISMISSAL** is appropriate prior to ordering service upon him.  **IT IS SO RECOMMENDED.**

### C.  Downnie Jenkins

The use of excessive physical force against a prisoner may violate the Eighth Amendment even when the prisoner does not suffer a significant injury.  Hudson v. McMillian, 503 U.S. 1 (1992). Therefore, by separate order, plaintiff's claim against defendant Jenkins will be allowed to proceed.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 9th day of February, 2006.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh