IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES JONES, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 1:05-CV-163 (WLS) |
| FREDERICK HEAD (WARDEN),<br>FREDERICK JENKINS (COII), and<br>ANDY O'NEAL (NURSE), | : |
| Defendants. | : |

### RECOMMENDATION

This is a section 1983 action brought by a State of Georgia prisoner against defendants who are or were employed at Jimmy Autry State Prison in Pelham, Georgia. In a prior recommendation adopted by the court defendants Head and O'Neal were dismissed as parties hereto. Thus the only remaining defendant is Jenkins. Plaintiff alleges that on December 19, 2003, defendant Jenkins subjected him to excessive force in violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment.

Presently pending is defendant's motion for summary judgment which is accompanied by his affidavit, statement of undisputed material facts, memorandum of law, plaintiff's deposition to which is attached several exhibits, being a copy of the grievance filed by plaintiff and certain of his medical records (docs. 14 - 17, and 21). In his response plaintiff submits his memorandum of law, his sworn affidavit, statements from four apparent eye witnesses, his deposition and the same medical records relied upon by the defendant (all at doc. # 22).

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts

must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

*Facts as alleged by the parties*

Plaintiff alleges that on the date in question he was in line at a dining hall waiting to pick up his meal tray when he observed the defendant who was on duty in the dining room. He further states that the defendant had a strange look on his face causing the plaintiff to ask him, "what you looking so ugly for?" Plaintiff then relates that defendant got in his face, hit him in the chest, said something to the effect of inmate don't approach me like that, threw him into the wall, placed a handcuff on his right hand behind him but could not get the handcuffs on the left wrist due to an Ace bandage on that wrist and hand (plaintiff's affidavit, ¶¶ 10-17, doc. 22). There is no doubt that prior to this incident the plaintiff was experiencing medical problems with his left wrist and hand for which he had been provided an Ace bandage by the medical staff. Plaintiff also alleges that his left hand/wrist was further injured in the incident when it hit the

2

wall and when the defendant threw him around by the left hand (plaintiff's affidavit, ¶ 16, doc. 22).

Defendants version of the facts is that plaintiff asked him, "what the fuck you looking so ugly for." Plaintiff began approaching defendant and was instructed to sit down. Plaintiff continued to approach and was again instructed to sit down. When plaintiff continued to disobey the defendant he was 'placed on the wall' and a handcuff was placed on his right hand. The cuff could not be locked around the left wrist due to the presence of the bandage. Plaintiff was then immediately released (defendant's affidavit, ¶¶ 7 - 10, doc. 15). Plaintiff did not receive medical attention on the date of the incident for the injuries he allegedly sustained. He did not receive medical attention until six days later on December 25, 2003 (defendant's affidavit, ¶¶ 15 - 16, doc. 15) (NOTE: In his unverified complaint plaintiff states that he requested medical attention three times on December 19, 2003 (doc. 1, complaint, p. 4, ¶ 4), however in his sworn affidavit (doc. 22) and in his deposition he makes no mention of seeking medical attention on the date of the alleged injury. He does state however in his deposition that on the date in question his wrist was hurting prior to the encounter with the defendant(plaintiff's deposition, pp. 14-15)).

The undersigned is well aware that in determining summary judgment the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. However, it is noted that plaintiff does little to enhance his credibility when he states in his complaint that he was told his hand was broken (complaint, p. 4, ¶ 2, doc. 1), but later admits in his deposition that it was not broken. Plaintiff acknowledged that the inmate helping him prepare his complaint told him he was going to include the statement that he had been told his hand was broken, a fact plaintiff know to be untrue. (plaintiff's deposition, p. 20, l. 20 - 24, doc.

21). He also seeks a rather phenomenal two million dollars in damages.

*Discussion*

In his brief, defendant devotes four pages to his argument that he is protected by the doctrine of qualified immunity.

> In this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force "maliciously and sadistically to cause harm" is clearly established to be a violation of the Constitution by the Supreme Court decisions in Hudson and Whitley. See Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002). There is simply no room for a qualified immunity defense when the plaintiff alleges such a violation. Id. The only question, then, is whether the plaintiff has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment. If he has done so, that is the end of the inquiry.

Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

In view of the above quoted language the undersigned will not conduct a qualified immunity analysis for the purpose of this recommendation.

*Excessive Force Claims Generally*

"Prison administrators . . .should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992), quoting Whitley v. Albers, 475 U.S. 312, 321-22 (1986) quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Although the reported opinions clearly state that prison personnel are to be accorded great deference regarding use of force to maintain order and security within the penal institutions of this country, these same cases also place limits and constraints upon the amount of force used and the reasons for its

4

use in the first place.

> The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense. 475 U.S. at 319. Reviewing the force used to quell a prison riot in <u>Whitley</u>, the Court explained that "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Id.</u> at 320-21.

<u>Campbell</u>, at 169 F.3d 1374

In the later case of <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992), the Court applied the <u>Whitley</u> use of force standard in the prison riot context to the general use of force by guards upon prisoners or inmates.

> [W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in <u>Whitley</u>: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Id.</u> at 6-7.

<u>Campbell</u>, at 169 F.3d 1374.

Further, as pointed out in <u>Campbell</u>, <u>Id.</u> at 1375, the <u>Whitley</u> court further defined the precise inquiry to be used when deciding whether or not prison officials are entitled to summary judgment.

> [C]ourts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support <u>a reliable inference of wantonness in the infliction of pain</u> under the standard we have described, the case should not go to the jury.
>
> <u>Id.</u> (quoting <u>Whitley</u>, 475 U.S. at 322).

5

To aid the trial courts in making the decision that force was or was not used maliciously and sadistically for the very purpose of causing harm, five factors have been identified by the Supreme Court: (1) the extent of the injury, (2) the need for the application of force, (3) the relationship between that need and the amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*De Minimis Fo*rce / *De Minimis Injury*

However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See* Johnson v. Glick, 481 F2d at1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judges chambers, violates a prisoner's constitutional rights.") The Eighth Amendment's prohibition of "cruel and unusual punishments" necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Whitley, 475 U.S. at 327 (quoting Estelle, 429 U.S. at 106." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Although the Hudson court did not go so far as to actually conclude that a *de minimis* injury would always necessarily preclude a finding of excessive force, several successive courts have found that a *de minimis* injury is a strong indicator of the use of *de minimis* force so long as that use of force is not of a sort that is "repugnant to the conscience of man." Whitley, 475 U.S. at 327.

> The following injuries have been held by courts of appeal to be to minor to support an excessive force claim: A bruised shoulder from being shoved into a wall, Markiewicz v. Washington, 1999 WL 196596 (7th Cir. 1999); a sore, bruised ear lasting three days, Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); transitory back and shoulder aches of limited duration, Williams v. Dehay, 1996 WL

> 128422 (4th Cir. 1996); a 1.5 inch scratch on the back of the hand
> from handcuffs, Schoka v. Swinney, 1995 WL 251126 (9th Cir.
> 1995); a welt from a slap on the face, Riley v. Dotson, 115 F.3d
> 1159 (4th Cir. 1997); daily headaches (without treatment) from being
> hit with a water bucket, Lunsford v. Bennett, 17 F.3d 1574 (7th Cir.
> 1994); a sore and swollen thumb from being hit with keys, Norman
> v. Taylor, 25 F.3d 1259 (4th Cir. 1994).

Clark v. Johnson, 2000 WL 156337 (S.D. AL.) n.4

     Here, the plaintiff was admittedly experiencing problems with his left hand and wrist well in advance of any force brought to bear on his left hand/wrist by the defendant. He has nerve damage in that area but does not know if that has been caused by the existence of a cyst or the defendant's actions (plaintiff's depo. p. 18). Plaintiff does not know if the injury to his hand was caused by the cyst or by defendant Jenkins (plaintiff's depo. p. 39). The medical record for plaintiff dated December 25, 2003, indicates that he stated he got hit in the shoulder, but no bruising is noted and plaintiff had a full range of motion (defendant's exhibit 5 to plaintiff's deposition). The entry for December 30, 2003, indicates plaintiff was still complaining of pain to his left wrist, but with no history of trauma ( defendant's exhibit 6 to plaintiff's deposition). A close examination of the medical records relied upon by both parties reveals that rather than receiving any medical attention resulting from the encounter with the defendant, the medical treatment he did receive was continuing and ongoing as the result of his preexisting wrist/hand problems stemming from the existence of the cyst, damaged nerves and carpal tunnel syndrome. Plaintiff has completely failed to show any damage at all at the hands of defendant Jenkins. This is an essential element of his claim for which he has the burden of proof at trial and for which, based upon the existing record, it does not appear he can prove.

     By plaintiff's own allegations the defendant hit him in the chest one time, threw him into a

wall by his left hand/arm, placed a handcuff on his right hand, but was prohibited from placing a cuff on the left hand due to an Ace bandage or wrap being on his wrist as the result of pre existing wrist problems. If plaintiff did nothing more than say to the defendant "what are you looking so ugly for," the defendant's conduct as alleged by plaintiff, which must be taken as true for summary judgment purposes, while not exemplary and not necessary can hardly be said to be repugnant to the conscience of mankind. The medical evidence in the record and the defendant's conduct as alleged by the plaintiff together do not give rise to a reliable inference of wantonness in the infliction of pain, therefore this matter should not go the jury. Whitley, 475 U.S. at 322. Further, assuming the use of force to have been unnecessary, taking into account the *de minimis* to non existent damage suffered by the plaintiff, it appears that the force used by the defendant was *de minimis* and therefore did not violate plaintiff's constitutional rights. It is therefore the RECOMMENDATION of the undersigned that the defendant's motion for summary judgment be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 30th day of August 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE